UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL CENTER FOR YOUTH LAW,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant. | Civil Action No. 26-2487 (RDM) |

**JOINT STATUS REPORT**

Pursuant to the Court's August 20, 2026, Minute Order, Plaintiff National Center for Youth Law and Defendant Department of Education, by and through the undersigned counsel, respectfully file the following Joint Status Report in this Freedom of Information Act (FOIA litigation).

**Plaintiffs' Statement**

This lawsuit arises from the Defendant's failure to respond to three FOIA requests Plaintiff filed on March 3, 2025 and one request it filed on April 29, 2025. This Court's August 20, 2026 Minute Order stated in relevant part:

> MINUTE ORDER: It is hereby ORDERED that, on or before September 10, 2026, the parties shall confer and file a joint status report addressing (1) any documents still to be produced pursuant to FOIA; (2) an anticipated schedule for processing and producing any such documents; and (3) any substantive areas of disagreement between the parties.

The Defendant has failed to comply with this Court's order by not addressing points (1) or (2) above.

Instead, the Defendant states that the requests are overbroad and burdensome. This Court has noted that, "[i]f the reasonableness of a search is questioned, the burden is on the agency to 'provide sufficient explanation why a search . . . would be unreasonably burdensome.'" *Leopold v.*

*Dep't of Defense,* 752 F. Supp. 3d 66, 84 (D.D.C. 2024) (Moss, J.) (citations omitted). It further stated that "[c]ourts have consistently found that 'merely claiming that a search would be costly and take many hours to complete is insufficient." *Id.* (citations omitted). The Defendant did not, in response to the 2025 requests, ask the Plaintiff to narrow its requests. Nor has it done so since this suit was filed. And, it has not explained its position in this Joint Status Report. The Plaintiff would certainly engage with the Defendant to understand its concerns and to try to address them. Doing so would, however, be most efficient *before* the searches are conducted, not after.

Given Defendant's failure to comply with the Court's Minute Order, Plaintiff requests that the next Joint Status Report be filed on or before Monday, October 12, 2026 and that the Court direct the Defendant to: (i) explain why it is now, after 18 months, just beginning to search for responsive records, (ii) describe the terms and custodians that are being used in the search process, (iii) state the preliminary results of the searches to date, and (iv) provide a timeline for when the searches will conclude and releases will begin.

**<u>Defendant's Report</u>**

Defendant is currently searching for responsive records. As such, it is too early to determine whether documents are still be produced, an anticipated schedule for production, or any substantive areas of disagreement between the parties. Defendant contends that the requests are overbroad and unduly burdensome and expects to discuss narrowing with Plaintiff after it obtains the initial search results.

Defendant disagrees with Plaintiff's contentions above, which do not report on the status in this case and largely consist of premature legal argument. Based on extensive experience processing FOIA requests, Defendant believes that the best way to determine how to narrow this request is to look at the preliminary search results and figure out what parts of the searches are

generating excessive or unnecessary results. Plaintiff's preference that Defendant take a guess is not helpful.

Further, Plaintiff's request to oversee Defendant's search (which it is not "just beginning") is unjustified by anything other than an apparent desire to obtain faster results, which is shared by all FOIA requesters.

Defendant therefore requests that it file another Joint Status Report on Tuesday, November 10, 2026, updating the Court on the parties' progress.

Dated: September 10, 2026
Washington, DC

_/s/*Jeffrey S. Gutman*____________
Jeffrey S. Gutman, PLLC
(D.C. Bar No. 416954)
1712 Hobart St., N.W.
Washington, D.C. 20009
(202) 631-5129
jsgutmandc@gmail.com

*Counsel for Plaintiff*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: _______*/s/ Brian J. Levy*_________________
BRIAN J. LEVY
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6734

*Attorneys for the United States of America*